Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000588
26-JUN-2018
07:56 AM

NO. CAAP-17-0000588

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HSBC BANK USA, NATIONAL ASSOCIATION,
A NATIONAL BANKING ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST,
SERIES 2006-CW1 ASSET BACKED PASS-THROUGH CERTIFICATES,
SERIES 2006-CW1, Plaintiff-Appellee,
v.
CHRISTOPHER BARTOLOME, AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF LUZ CUI BARTOLOME, DECEASED;
CHRISTOPHER CUI BARTOLOME, Defendants-Appellants,
and
VILLAGES OF KAPOLEI ASSOCIATION,
BENEFICIAL HAWAII, INC., NOW KNOWN AS
BENEFICIAL FINANCIAL I INC., Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 2-50;
AND DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-3050)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Christopher Cui Bartolome

(**Bartolome**), Special Administrator of the Estate of Luz Cui

Bartolome, in his personal capacity, appeals from the Judgment

entered on July 7, 2017, in favor of Plaintiff-Appellee HSBC Bank

USA, National Association, a National Banking Association, as

Trustee for the Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-CW1 Asset Backed Pass-Through Certificates, Series 2006-CW1 (**HSBC Bank**) and against all defendants (**Judgment**), in the Circuit Court of the First Circuit (**Circuit Court**).[1] Bartolome also challenges the Circuit Court's Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure, also entered on July 7, 2017 (**Foreclosure Decree**).

Bartolome raises a single point of error on appeal, arguing that the Circuit Court erred in granting HSBC Bank's November 30, 2016 Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure (**Motion for Summary Judgment**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Bartolome's point of error as follows:

Bartolome argues that HSBC Bank failed to present admissible evidence sufficient to establish that it had standing to bring this foreclosure action and relies on the Hawai'i Supreme Court's decisions in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) and U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017). We agree.

---

[1] The Honorable Jeannette H. Castagnetti presided.

In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise the holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In Mattos, 140 Hawai'i at 29, 398 P.3d at 618, summary judgment was granted in favor of the foreclosing bank, U.S. Bank. On appeal, the supreme court addressed whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6). Id. at 28, 30-33, 398 P.3d at 617, 619-622. In his

declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for U.S. Bank on the subject loan. Id. at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." Id. at 32, 398 P.3d at 621. The supreme court applied its analysis in State v. Fitzwater, 122 Hawaiʻi 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. Fitzwater addresses situations in which one business receives documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to Fitzwater.

Id. at 32-33, 398 P.3d at 621-622.

In light of its prior ruling in Reyes-Toledo, the supreme court in Mattos further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

Id. at 33, 398 P.3d at 622. The supreme court noted that Work's declaration did not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. Id.

The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." Id.

In Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 40, 414 P.3d 89, 92 (2018), summary judgment was granted in favor of the foreclosing bank, Wells Fargo. Wells Fargo had attached a copy of the subject note to its unverified complaint together with an allonge indorsing the note in-blank. Id. at 39-40, 414 P.3d at 91-92. The supreme court reviewed the admissibility of these documents under HRE Rule 803(b)(6) through a similar declaration as in Mattos attached to Wells Fargo's motion for summary judgment. Id. at 44-45, 414 P.3d at 96-97. This declaration was made by Vanessa Lewis (Lewis), who was also a "contract management coordinator" for Ocwen, Wells Fargo's loan-service provider. Id. Because Lewis did not attest that she was the custodian of records for either Wells Fargo or Ocwen, the supreme court again observed that the documents attached to her declaration were admissible under HRE Rule 803(b)(6) only if her declaration demonstrated that she was a "qualified witness." Id. at 45, 414 P.3d at 97 (citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621). The supreme court stated the rule regarding necessary qualifications to admit records under Mattos and Fitzwater as follows:

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." The witness, however, must have enough familiarity with the

> record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business.
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

Id. (citing and quoting Mattos, 140 Hawai'i at 32, 398 P.3d at 621).

In holding that Lewis was not a "qualified witness" under its decision in Mattos, the Behrendt court stated:

> Here, as in Mattos, the Lewis Declaration does not establish that the loan documents were received by Ocwen and then incorporated into Ocwen's records. In addition, although Lewis averred that Ocwen's records relating to the loan were made and maintained in the regular course of Ocwen's business, Lewis asserted only that she had "access to and [was] familiar" with Wells Fargo's records and documents relating to this case. The Lewis Declaration does not establish that Lewis was familiar with Wells Fargo's record-keeping system. It also makes no assertions as to Lewis's familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges. Thus, the Lewis Declaration satisfies the foundational requirements to make Lewis a qualified witness only with respect to Ocwen's original records about the loan and not any records of Wells Fargo or the loan documents themselves.
>
> The Lewis Declaration also refers only to the Note and not the allonges that Wells Fargo asserts were used to endorse the Note in blank. As noted, the Lewis Declaration does not establish that Lewis was a qualified witness, and thus she could not have satisfied the requirements of HRE Rule 803(b)(6) with respect to the allonges. But, as with the declaration in Mattos, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did not because the declaration did not provide the requisite foundation. This is to say that the documents purporting to allow Wells Fargo to enforce the Note were not admissible under the business record exception. Since the documents were not admissible as asserted, Wells Fargo did not meet its burden of establishing facts necessary for a grant of summary judgment.

Id. at 46, 414 P.3d at 98 (citing Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22).

In the instant case, HSBC Bank filed a Verified Complaint for Foreclosure on November 18, 2013 (**Complaint**). The Complaint alleged that on March 24, 2006, Luz Cui Bartolome (**Luz**) executed a promissory note in favor of Countrywide Home Loans, Inc. (**Countrywide**) for $400,000.00 (**Note**), secured by a mortgage on real property executed by Luz and Christopher Cui Bartolome, which was recorded in the Office of the Assistant Registrar of the Land Court on March 30, 2006. HSBC Bank alleged that it was the owner of the mortgage by virtue of a May 12, 2010 Assignment of Mortgage, that Luz was in default, and that HSBC Bank "is entitled to enforce the Note[.]"

Attached to the Complaint was, *inter alia*, a Verification of Complaint for Foreclosure, executed under penalty of perjury on November 7, 2013, by Dustin Stephenson (**Stephenson**), a "Document Control Officer" for Select Portfolio Servicing, Inc. (**Select Portfolio**), "the loan servicing agent" for HSBC Bank at that time. Therein, Stephenson declared, *inter alia*, that "[a] true and correct copy of the Indorsed Note is attached as Exhibit 'A'" and that HSBC Bank "is in possession of the Note."[2] Attached to Stephenson's declaration was a copy of

---

[2]    The Stephenson declaration more fully provides:

1.    I have knowledge of and I am competent to testify to the matters stated herein by virtue of my employment for Select Portfolio Servicing, Inc., the loan servicing agent for [HSBC Bank] ("Plaintiff"). I have been trained to use and understand the record keeping system utilized for this loan. I know that pursuant to normal business practices, the entries in the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record. I have also been trained to use and understand the entries in the record and am familiar with the same. My knowledge is based on my review of the business

(continued...)

the Note containing an undated, blank indorsement stamp on the third and final page, apparently executed by a Managing Director for Countrywide.[3]

---

[2](...continued)
records and files related to the mortgage loan which is the subject of this foreclosure.

2.   On or about March 24, 2006, Defendant [Luz] ("Borrower"), for value received, duly made, executed and delivered to Countrywide Home Loans, Inc., a New York Corporation a promissory note ("Note") in the amount of $400,000.00. A true and correct copy of the Indorsed Note is attached as Exhibit "A". . . .
. . . .
5.   Plaintiff is in possession of the Note. . . .
. . . .
9.   All documents, memoranda, reports and records of data compilation (collectively, "Records of Acts") that are attached as Exhibits "A" - "E" to my Verification, as well as all other factual information contained herein, represent records of regularly conducted business activity relating to the subject loan.
10.   The Records of Acts were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity of mortgage lending and mortgage servicing.
11.   All herein referenced Records of Acts were and are made at or near the time of the acts reported. Entries into these records are made by persons having personal knowledge of such event, and are reviewed by me from time to time to ensure accuracy and completeness, and are relied upon by Plaintiff and its servicing agent in the conduct of its business.
12.   I am familiar with the referenced Records of Acts, which is used to record and track events and documents by Plaintiff and its servicing agent that are relevant to this loan. These records are routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar.
13.   I reviewed the Verified Complaint for Foreclosure prepared by RCO Hawaii LLLC, including the attached exhibits and I have confirmed the factual accuracy of the allegations set forth therein.

(Emphasis added).

[3]   The indorsement stamp reads:

PAY TO THE ORDER OF

---
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.
BY [signature]
---
David A. Spector
Managing Director

Below and on appeal, HSBC Bank has maintained that it was the holder of the blank-indorsed Note at the time it filed the Complaint. HSBC Bank relies on the following, submitted with the Complaint: (1) the Stephenson declaration, and (2) a "true and correct copy of the Indorsed Note" attached thereto. HSBC Bank also relies on the following, submitted with its Motion for Summary Judgment: (3) a "Declaration of Indebtedness and on Prior Business Records" executed under penalty of perjury on October 19, 2016 by Minh Nghiem (**Nghiem**), a "Document Execution Specialist" and "authorized signer" of Nationstar Mortgage LLC (**Nationstar**), "the current loan servicer" for HSBC Bank indicating that "Plaintiff has possession of the Note;"[4] (4)

---

[4] The Nghiem declaration more fully provides:

1. I am authorized to sign this Declaration on behalf of Plaintiff, [HSBC Bank], as an authorized signer of Nationstar Mortgage LLC ("Nationstar"), which is Plaintiff's servicing agent for the subject loan ("the loan").

2. Nationstar maintains records for the loan in its capacity as Plaintiff's servicer. As part of my job responsibilities for Nationstar, I am familiar with the type of records maintained by Nationstar in connection with the Loan. As such, I am authorized to make this Declaration.

3. Nationstar is the current loan servicer for Plaintiff and acts as the exclusive representative and agent of Plaintiff in the servicing and administering of mortgage loans referred to Nationstar, including the Loan being foreclosed in this action.

4. The information in this Declaration is taken from Nationstar's business records. I have personal knowledge of Nationstar's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Nationstar's regularly conducted business activities; and (c) created by Nationstar as a regular practice.

5. . . . . A true and correct copy of the Note is attached as Exhibit "1" and is incorporated herein by this reference.

6. Plaintiff has possession of the Note. The Note has been duly indorsed. In anticipation that the original

(continued...)

4(...continued)
Note is required for these foreclosure proceedings, Nationstar has since caused the original Note to be delivered to the Plaintiff's attorney . . .

. . . .

9. The owner of the Note and Mortgage for a particular a [sic] mortgage loan is commonly referred to in the loan servicing industry as the Investor. The Investor for this mortgage loan is the Plaintiff.

10. Nationstar maintains all the day to day loan documents, records and accounting of payments on the Loan being foreclosed in this action including all documents and business records acquired by Plaintiff when it purchased the subject mortgage loan.

11. Under the terms of Nationstar's servicing arrangement, Plaintiff does not participate in, keep and maintain any of the day to day loan documents, inputting of accounting data, saving of business records and all communications with borrowers.

12. The Plaintiff, as the Investor, has a passive role with the primary emphasis on tracking its return on investment. In terms of routine business records on the Loan, Nationstar acts as the sole custodian of Plaintiff's records.

13. Nationstar became Plaintiff's loan servicer for the Loan being foreclosed in this action on 04/01/2014.

. . . .

18. Finally, the loan servicer records, maintains and takes custody of all such daily business records and all loan documents, including taking possession of the note and mortgage records on behalf of the Investor.

. . . .

21. The prior loan servicer for this mortgage loan was Select Portfolio Servicing ("Prior Servicer").

22. Upon becoming Plaintiff's loan servicer, Nationstar took custody and control of loan documents and business records of the Prior Servicer and incorporated all such records into the business records of Nationstar.

23. Before the Prior Servicer's records were incorporated into Nationstar'[s] own business records, it conducted an independent check into the Prior Servicer's records and found them in keeping with industry wide loan servicing standards and only integrated them into Nationstar'[s] own business records after finding the Prior Servicer's records were made as part of a regularly conducted activity, met industry standards and determined to be trustworthy.

24. In performing its services to the Plaintiff, Nationstar relies upon the accuracy of the Prior Servicer's records and those records are now part of and used for all purposes in the conduct of Nationstar's regularly conducted activity of keeping and maintaining its own business records.

. . . .

26. To the extent the Prior Servicer's records are not accurate, Nationstar, on its own behalf and behalf of Plaintiff, has a contractual right of recourse against the Prior Servicer for any loss or damage caused by the Prior Servicer's records.

(continued...)

another copy of the Note indorsed-in-blank attached thereto; and (5) an affirmation by HSBC Bank's attorney filed pursuant to Hawaii Revised Statutes (HRS) § 667-17 declaring, *inter alia*, that the Complaint and "other papers filed or submitted to the Court" contain no false statements of fact or law.

However, we conclude that there is no admissible evidence in the record, including the documents and declarations relied upon by HSBC Bank, showing that it was the holder of the Note indorsed-in-blank at the initiation of the suit.

Stephenson attested that the documents attached to his declaration, including the Note, were "made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity," which contradicts the Note that was executed in favor of, and apparently indorsed by, Countrywide and not HSBC Bank or Select Portfolio. Although Stephenson declared, "I have been trained to use and understand the record keeping system utilized for this loan," and "[t]hese records are routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar," these statements do not establish that Stephenson was familiar with the record-keeping system of HSBC Bank. <u>See HSBC Bank USA, N.A. v. Moore</u>, CAAP-17-0000478, 2018 WL 2148599 at *1 n. 2, *7 (Haw. App. May

---

[4](...continued)
> 27.    Nationstar did review and determine the Prior Servicer's business records were trustworthy otherwise it would not have incorporated it into its own records.

(Emphasis added).

10, 2018) (slip op.) (holding that identical language is insufficient to establish declarant's familiarity with HSBC Bank's record-keeping system); see also HSBC Bank USA, N.A. v. Yamashita, CAAP-17-0000026, 2017 WL 6048908 (Haw. App. Dec. 7, 2017) (SDO) (same). Nor does the Stephenson declaration attest that Select Portfolio received and incorporated HSBC Bank's records into its own.

Thus, like in Mattos and Behrendt, the Stephenson declaration satisfies the foundational requirements to make Stephenson a qualified witness only as to Select Portfolio's original records about the loan and not any of HSBC Bank's records or the loan documents themselves. See Behrendt, 142 Hawai'i at 46, 414 P.3d at 98. And as the Stephenson declaration did not lay adequate foundation as to HSBC Bank's records, his statement that "Plaintiff is in possession of the Note," which he made prior to the filing of the Complaint, is not admissible. See Mattos, 140 Hawai'i at 33, 398 P.3d at 622 ("Even if Work's declaration had stated that the U.S. Bank records contain the original note, this statement would not be admissible because, as noted, Work's declaration is insufficient to render him a 'qualified witness' as to U.S. Bank's records.").

Nghiem's declaration does not establish that HSBC was the holder of the blank-indorsed Note at the commencement of this case. Nghiem's sworn statement, made at the summary judgment stage and attesting that "Plaintiff has possession of the Note," does not show that HSBC Bank was the holder of the Note when HSBC

Bank filed the Complaint. See Reyes-Toledo, 139 Hawaiʻi at 370-71, 390 P.3d at 1257-58.

Nor does the attorney affirmation establish HSBC Bank's entitlement to enforce the Note for summary judgment purposes. See U.S. Bank Tr., N.A. v. Busto, CAAP-16-0000334, 2017 WL 2579070 at *2 (Haw. App. June 14, 2017) (SDO) (with Ginoza, J., dissenting on grounds that a majority of this court disregarded a similar attorney affirmation filed pursuant to HRS § 667-17); Wilmington Savings Fund Society v. Yasuda, CAAP-17-0000433, 2018 WL 1904909 (Haw. App. Apr. 23, 2018 (SDO) (with Ginoza, J., concurring based on Behrendt).

Lastly, we briefly address HSBC Bank's arguments that (1) Reyes-Toledo is distinguishable because HSBC Bank filed a verified Complaint; (2) "the fact that a copy of the note indorsed in blank was attached to the complaint . . . alone demonstrated that HSBC Bank was the holder of the note at the time the complaint was filed;" and (3) Mattos is distinguishable because "the Complaint containing the Note was verified." These arguments ignore the rule central to Mattos and Behrendt that "[i]nadmissible evidence 'cannot serve as a basis for awarding or denying summary judgment.'" Behrendt, 142 Hawaiʻi at 44, 414 P.3d at 96 (quoting Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)). Both below and on appeal, HSBC Bank relies on, *inter alia*, the Stephenson declaration and the copy of the Note attached thereto to support its argument that it was the holder of the Note at the time it filed the Complaint. Therefore, for this evidence to serve as a

basis for granting summary judgment, it must be admissible. It was not.

As HSBC Bank raises no other arguments about the sufficiency of its evidence, we conclude that HSBC Bank did not satisfy its burden to produce admissible evidence demonstrating that it was entitled to enforce the Note at the time this action was commenced. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22. As such, viewing the facts and inferences in the light most favorable to Bartolome, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether HSBC Bank was entitled to enforce the Note at the time this foreclosure action was commenced. Therefore, the Circuit Court erred in granting HSBC Bank's Motion for Summary Judgment.

For the foregoing reasons, we vacate the Circuit Court's Foreclosure Decree and Judgment, both entered on July 7, 2017, and remand this case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 26, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Andrew J. Lautenbach,
Kukui Claydon,
(Starn O'Toole Marcus &
 Fisher),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge